## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TRISHA SHAYNE HUNTLEY,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-844E-21-0105-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: October 25, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Trisha Shayne Huntley</u>, Fulton, New York, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the Office of Personnel Management (OPM) reconsideration decision as untimely filed with no good cause shown. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On July 17, 2020, OPM issued a reconsideration decision affirming its initial decision that the appellant failed to establish eligibility for disability retirement benefits under the Federal Employees' Retirement System. Initial Appeal File (IAF), Tab 5 at 15-19. The appellant signed for and received OPM's reconsideration decision sent via certified mail on July 23, 2020. *Id.* at 20. The decision specifically informed the appellant that she could file an appeal with the Board within 30 calendar days after her receipt of the decision. *Id.* at 19.

The appellant filed a Board appeal challenging OPM's reconsideration decision on May 26, 2021. IAF, Tab 1. The administrative judge informed the appellant that her appeal appeared untimely filed and informed her of how to establish that she timely filed a Board appeal or show good cause for the delay in filing. IAF, Tab 3 at 1-4. The appellant did not respond to this order.

The administrative judge subsequently issued an initial decision dismissing the appeal as untimely filed without good cause shown. IAF, Tab 6, Initial

Decision (ID) at 1-2. Specifically, the administrative judge found that the appeal was filed roughly 9 months after the filing deadline, and the appellant failed to explain why her appeal was filed late. ID at 4. The administrative judge additionally considered the evidence suggesting that the appellant's attorney may have neglected to follow up on the matter, but she ultimately found that the appellant was responsible for her attorney's failures. *Id.*

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tab 1, Tab 3. The appellant argues that her attorney was negligent in handling her case and asserts that he was subsequently suspended from the practice of law for, among other things, neglecting client matters. PFR File, Tab 1 at 3-4, 8; IAF, Tab 5 at 8, 10-14. She asserts that her then-attorney did not inform her that an appeal was never filed until after the deadline to file had passed and claims that the matter was out of her control. PFR File, Tab 1 at 3-4. She attaches various documents on review purporting to show that her prior attorney was suspended from practicing law for 1 year beginning December 23, 2020, and that, in January 2021, she sought new representation to ascertain the status of her case with OPM after discovering that no appeal was filed. *Id.* at 6-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge found that the appellant's Board appeal was untimely filed by roughly 9 months. ID at 4. The parties do not challenge this finding on review, and we see no reason to disturb it. *See* 5 C.F.R. § 1201.22(b)(1) (setting forth the deadline to file an appeal of an agency's decision).

The Board may waive its regulatory filing time limit for good cause shown. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014); 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel*, 121 M.S.P.R. 330, ¶ 10. To

determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her appeal. *Id.* The Board generally holds that, when, as here, an appellant fails to follow OPM's instructions, it does not constitute good cause for any ensuing delay. *Maggard v. Office of Personnel Management*, 102 M.S.P.R. 75, ¶ 9 (2006).

The appellant argues that her attorney's negligence led to her untimely filing and thus the matter was out of her control.[2] PFR File, Tab 1 at 4-5. The Board has repeatedly held that an appellant is responsible for the action or inaction of her chosen representative and that delays caused by a representative will not constitute good cause to excuse a filing delay. *Strong v. Department of the Navy*, 86 M.S.P.R. 243, ¶ 7 (2000). The Board has recognized a limited exception to this rule for cases when an appellant proves that she actively monitored the progress of her appeal but that her diligent efforts to prosecute her case were thwarted by the deception and negligence of her representative. *Id.*; *see Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 643-45 (1990). However, the Board has found that, even when an appellant's representative misleads her as to the status of a filing, the appellant has a personal duty to

---

[2] In support of her arguments, the appellant attaches new evidence and argument for the first time on review. PFR File, Tab 1 at 4-9. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d). Indeed, the Board will not consider evidence submitted for the first time on review when it previously was available but a party elected to not submit it to the administrative judge. *Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999). The appellant's new evidence here predates the filing of her appeal and thus is not new. PFR File, Tab 1 at 6-9. Nonetheless, even considering the new evidence and argument on review, the appellant has failed to establish good cause for her untimely appeal.

monitor the progress of her appeal at all times and not leave the matter entirely to her attorney. *Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶ 12 (2008).

According to the appellant, she did not learn that her prior attorney failed to file an appeal of OPM's reconsideration decision until after the deadline to file had passed. PFR File, Tab 1 at 3. On or about January 4, 2021, her then-attorney informed her that he had been suspended from practicing law and thus could no longer represent her. *Id.* at 6. Shortly thereafter, the appellant, through a new attorney, contacted OPM to inquire about the status of her case. IAF, Tab 5 at 8. Therein, the appellant asserted that her last communication from OPM was the acknowledgment of receipt of her request for reconsideration and that she was unaware of any reconsideration decision. *Id.* However, the appellant personally signed for receipt of OPM's reconsideration decision via certified mail on July 23, 2020. *Id.* at 20. Even if she did not read the decision and merely forwarded it to her prior attorney, the record does not reflect that she took any further steps to monitor the progress of her case for several months following her receipt of OPM's reconsideration decision. *Compare Strong*, 86 M.S.P.R. 243, ¶ 11 (finding no good cause when the appellant only contacted his attorney once before the filing deadline and did not inquire about the status and progress of his appeal), *with Sullivan v. Office of Personnel Management*, 88 M.S.P.R. 499, ¶ 9 (2001) (finding that the appellant established good cause when he repeatedly contacted his attorney by both facsimile and telephone, and even physically drove to the attorney's office, in attempts to inquire about the progress of the appeal). Moreover, the appellant does not assert that her prior attorney actively misled her into believing that an appeal had been filed. *See Sullivan*, 88 M.S.P.R. 499, ¶ 9 (finding that, in addition to the appellant's diligent efforts to monitor his appeal, he was misled and erroneously reassured by his attorney that the appeal would be timely filed); *Dunbar*, 43 M.S.P.R. at 644 (finding that the appellant's attorney's misleading information thwarted his otherwise diligent efforts to file a timely

appeal). On the contrary, the appellant here took no steps to monitor her appeal from the July 2020 receipt of OPM's reconsideration decision to the January 2021 notice that her attorney had been suspended.

Accordingly, we find that the appellant has not made a diligent effort to monitor the progress of her appeal, and she has not established sufficient grounds to overcome the rule that she is responsible for the mistakes of her chosen representative. *Strong*, 86 M.S.P.R. 243, ¶ 11. Despite her pro se status at the time of filing her Board appeal, the appellant's roughly 9-month delay in filing is significant. *See Johnson v. U.S. Postal Service*, 98 M.S.P.R. 695, ¶ 8 (2005) (finding no good cause for an 8-month delay in filing despite the appellant's pro se status). Thus, we find that the appellant has failed to establish good cause for the delay in filing.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.